Lon A. Jenkins (4060)
Tami Gadd-Willardson (12517)
Ryan C. Cadwallader (13661)
Brian J. Porter (14291)
OFFICE CHAPTER 13 TRUSTEE
405 South Main St., Suite 600
Salt Lake City, UT 84111
Telephone:   (801) 596-2884
Facsimile:    (801) 596-2898
Email: utahtrusteemail@ch13ut.org

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| In re:<br><br>BRANDON TROYE WISE<br>LYNSIE SHANTEL WISE<br><br>Debtors. | Case No. 16-21475<br>Chapter 13<br>Hon. R. Kimball Mosier<br>(Confirmation Hearing: *05/17/16 at 11:00 AM*) |
|---|---|

### TRUSTEE'S OBJECTION TO CONFIRMATION

This is a below-median case and the Debtors' plan provides for payments of $1,100.00 to return $33.05 to nonpriority unsecured creditors. Lon A. Jenkins, Chapter 13 Trustee, hereby objects to confirmation of the Debtors' plan and in support thereof represents as follows:

1. The Debtors failed to provide the Trustee with a business questionnaire for a business operated during the sixty (60) days prior to the petition date (see Local Rule 2083-1(d)(1)(D)).

2. The Debtors failed to provide the Trustee with profit and loss statements for all self-employment income earned during the sixty (60) days prior to the petition date (see Local Rule 2083-1(d)(1)(C)).

3. The Debtors have not filed an itemized, separate budget disclosing the income and expenses related to the operation of a business, as required by FED. R. BANKR. P. 1007(b)(1).

4. The plan was not served on all parties-in-interest as required by FED R. BANKR. P. 2002(a) and 3015(d).

5. The Trustee requests that the Debtors provide a statement regarding the disposition of the 2015 tax refunds and evidence as to the date they were received. The Trustee reserves the right to raise any objections under the best-interest-of-creditors test of § 1325(a)(4) once these documents are received.

6. Schedule A/B fails to properly value the following asset: Real Property located at 133 E, Helper, UT, as the 2015 property tax assessment opines the value to be $126,882.

7. It appears that the gross income listed on Form 122C-1 does not include all of the Debtors' income received during the six-month "look-back" period of § 101(10A).

8. The Debtors failed to answer the business questions of Interrogatory Nos. 27 and 28 on the Statement of Financial Affairs, as required by FED. R. BANKR. P. 1007(b)(1).

9. The Debtors' plan proposes a return of $33.05 to non-priority unsecured creditors. It is administratively burdensome for the Trustee to disburse such minimal amounts to creditors in that the checks will likely be no more than for a few cents each. The Trustee requests that the Debtors either reduce the return to $0.00 or increase it so that non-priority unsecured creditors receive a meaningful return.

THEREFORE, the Trustee objects to confirmation of the Debtors' plan.  If the Debtors are unable to resolve the Trustee's objection by the confirmation hearing, the Trustee will move to dismiss or convert this case.

DATED: April 14, 2016.

/s/ Ryan C. Cadwallader
RYAN C. CADWALLADER
Attorney for Chapter 13 Trustee

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 14, 2016, a true and correct copy of the foregoing paper was served electronically via CM/ECF to the persons listed below.

RYAN E. SIMPSON
ECF NOTIFICATION

The undersigned hereby certifies that on April 14, 2016, a true and correct copy of the foregoing paper was addressed to the following persons and deposited in the U.S. Mail, first-class postage prepaid.

BRANDON TROYE WISE
LYNSIE SHANTEL WISE
133 E
HELPER, UT 84526

/s/
Office Chapter 13 Trustee

3