Lon A. Jenkins (4060)
Tami Gadd-Willardson (12517)
Ryan C. Cadwallader (13661)
Brian J. Porter (14291)
OFFICE OF THE CHAPTER 13 TRUSTEE
405 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| IN RE: <br> BRANDON TROYE WISE <br> LYNSIE SHANTEL WISE <br><br> Debtors | CASE NO: 16-21475 <br><br> Chapter 13 <br><br> Hon. R. KIMBALL MOSIER |
|---|---|

## TRUSTEE'S CONTINUING OBJECTION TO CONFIRMATION

The Standing Chapter 13 Trustee, hereby objects to confirmation based on the following unresolved issues:

1. The plan is not feasible in that it is presently projected to require more than 60 months to make all payments required by the plan.

2. As of July 5, 2016, the Debtor(s) are now $900.00 delinquent for payments owing through June 2016.

3. It appears the Debtor(s) have failed to notify all creditors of the continued date for the Confirmation Hearing as required by the Court.

**Restatement of Outstanding Issues from Prior Objections:**

1. The plan was not served on all parties-in-interest as required by FED R. BANKR. P. 2002(a) and 3015(d).

2. The Trustee requests that the Debtors provide a statement regarding the disposition of the 2015 tax refunds and

evidence as to the date they were received. The Trustee reserves the right to raise any objections under the best-interest-of-creditors test of § 1325(a)(4) once these documents are received.

3. Schedule A/B fails to properly value the following asset: Real Property located at 133 E, Helper, UT, as the 2015 property tax assessment opines the value to be $126,882.

4. It appears that the gross income listed on Form 122C-1 does not include all of the Debtors' income received during the six-month "look-back" period of § 101(10A).

5. The Debtors failed to answer the business questions of Interrogatory Nos. 27 and 28 on the Statement of Financial Affairs, as required by FED. R. BANKR. P. 1007(b)(1).

6. The Debtors' plan proposes a return of $33.05 to non-priority unsecured creditors. It is administratively burdensome for the Trustee to disburse such minimal amounts to creditors in that the checks will likely be no more than for a few cents each. The Trustee requests that the Debtors either reduce the return to $0.00 or increase it so that non-priority unsecured creditors receive a meaningful return.

7. The following creditor objection(s) remain unresolved: Wells Fargo Bank.

    THEREFORE, the Trustee has an ongoing objection to the confirmation

DATED: July 05, 2016

LAJ /S/
LON A. JENKIINS
CHAPTER 13 TRUSTEE

### CERTIFICATE OF MAILING

The undersigned hereby certifies that true and correct copy of the foregoing Trustee's Continuing Objection to Confirmation was served upon all persons entitled to receive notice in this case via ECF notification or by U.S. Mail to the following parties on July 05, 2016:

RYAN E. SIMPSON, 8839 SOUTH REDWOOD ROAD, SUITE C2, WEST JORDAN, UT 84088